UNITED STATES of America, Appellee

v.

**Renold A. PAYNE, Appellant**

No. 16-3122

September Term, 2017

United States Court of Appeals, District of Columbia Circuit.

Filed on: January 30, 2018

Elizabeth Trosman, Esquire, Assistant U.S. Attorney, John Perry Mannarino, Assistant U.S. Attorney, USAO Appellate Counsel, U.S. Attorney's Office, (USA) Appellate Division, Washington, DC, for Plaintiff-Appellee

Michael Alan Olshonsky, Esquire, Law Office of Michael Alan Olshonsky, Washington, DC, for Defendant-Appellant

Before: Henderson and Wilkins, Circuit Judges, and Sentelle, Senior Circuit Judge.

### JUDGMENT

PER CURIAM

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See FED. R. APP. P. 43(a)(2); D.C. CIR. R. 34(j). It is

**ORDERED AND ADJUDGED** that the District Court's order, issued December 2, 2016, be affirmed. "Although withdrawal of a guilty plea prior to sentencing is to be liberally granted," a defendant must "show a fair and just reason for requesting the withdrawal." *United States v. Curry*, 494 F.3d 1124, 1128 (D.C. Cir. 2007) (quotation

marks, alteration, and citations omitted). We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion, considering "(1) whether the defendant has asserted a viable claim of innocence; (2) whether the delay between the guilty plea and the motion to withdraw has substantially prejudiced the government's ability to prosecute the case; and (3) whether the guilty plea was somehow tainted." *Id.* (quotation marks omitted).

We find no abuse of discretion here. Appellant's motion to withdraw made no more than an insufficient "general denial" of guilt. *See United States v. Cray*, 47 F.3d 1203, 1209 (D.C. Cir. 1995). He also failed to show his plea was tainted either by error in his plea colloquy or by deficiency in his counsel's performance. Indeed, he did not identify any Rule 11 error whatsoever. *See id.* at 1208 ("[A] defendant who fails to show some error under Rule 11 has to shoulder an extremely heavy burden if he is ultimately to prevail."). Appellant argues his counsel was constitutionally ineffective because his withdrawal motion incorrectly asserted his Sentencing Guideline range after trial would be lower than he believed while pleading guilty when, in fact, the range would have been higher. Regardless of whether this constitutes deficient performance, Appellant cannot show prejudice under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See United States v. Horne*, 987 F.2d 833, 835 (D.C. Cir. 1993) (If a defendant "fails to satisfy the prejudice requirement," this Court "do[es] not need to address the question whether his plea was within the range of competence demanded of attorneys in criminal cases."). Because Appellant's risk of incarceration after conviction at trial was higher than he allegedly believed when pleading guilty, there is no "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on

going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Finally, although the government concedes it would suffer no prejudice from Appellant's delay in moving to withdraw, without a "viable claim of innocence" or a tainted plea, this factor alone does not justify reversal. *See United States v. West*, 392 F.3d 450, 457 (D.C. Cir. 2004). We affirm.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or petition for rehearing *en banc. See* FED. R. APP. P. 41(b); D.C. CIR. R. 41(a)(1).